## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION,
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005

       *Plaintiff*,

    v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT,
500 Twelfth Street SW
Washington, DC 20536,

       *Defendant*.

Case No. 1:25-cv-00345

## **COMPLAINT**

1.      Plaintiff American Civil Liberties Union Foundation ("ACLU") brings this action against Defendant United States Immigration and Customs Enforcement ("ICE") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA to immediately release improperly withheld agency records.

2.      On Dec. 6, 2024, ICE announced that it had issued policy updates for the use of special management units (SMU), or solitary confinement cells, for detained immigrants. ICE stated that "the updated Enforcement and Removal Operations policy focuses on how ICE tracks and reports the use of segregation and adds additional emphasis for ensuring the safety and welfare of detained noncitizens and facility staff as well as how the agency records and tracks these

placements."[1] ICE, however, has not made a copy of the updated policy publicly available.

3.      ICE's use of special management units, or solitary confinement units, have prompted active concern and attention from Congress, the media, and advocates.

4.      In recent months, over 47 members of Congress have written to the Department of Homeland Security raising concern about the use of solitary confinement in immigration detention facilities.[2] On April 16, 2024, the U.S. Senate Judiciary Committee held a hearing, Legacy of Harm: Eliminating the Abuse of Solitary Confinement, which covered the harms caused by the use of solitary confinement in ICE detention.[3] Senator Richard Durbin likewise introduced S. 4119, the Restricting Solitary Confinement in Immigration Detention Act of 2024.[4]

5.      Multiple national news outlets have covered ICE's widespread and abusive use of solitary confinement. For example, a recent report released by Harvard Law School and Physicians for Human Rights concluded that ICE used solitary confinement more than 14,000 times in the past five years, including on many people with preexisting mental health conditions and other vulnerabilities.[5] The New York Times covered ICE's increasing use of solitary confinement for

---

[1] ICE, *ICE Updates Policies on Use of Special Management Units*, Dec. 6, 2024, https://www.ice.gov/news/releases/ice-updates-policies-use-special-management-units [https://perma.cc/2NLS-4V8C].

[2] Letter from 47 Members of Congress to DHS Secretary Mayorkas, Apr. 15, 2024, https://jayapal.house.gov/wp-content/uploads/2024/04/Solitary-Letter-final.pdf [https://perma.cc/6QMF-T3U5].

[3] *Legacy of Harm: Eliminating the Abuse of Solitary Confinement: Hearing Before the Senate Comm. on the Judiciary*, 118th Cong. Apr. 16, 2024, https://www.judiciary.senate.gov/committee-activity/hearings/legacy-of-harm-eliminating-the-abuse-of-solitary-confinement [https://perma.cc/77EC-M8ZH].

[4] Restricting Solitary Confinement in Immigration Detention Act of 2024, S. 4119, 118th Cong. (2024).

[5] Physicians for Human Rights, Harvard Law School, *"Endless Nightmare": Torture and Inhuman Treatment in Solitary Confinement in U.S. Immigration Detention*, Feb. 6, 2024, https://phr.org/our-work/resources/endless-nightmare-solitary-confinement-in-us-immigration-detention/ [https://perma.cc/Z44B-XDUR].

immigrants, noting that the "average length of solitary detainment was longer than the duration the U.N. says can constitute torture."[6] Other news outlets, including the Los Angeles Times, NBC News, have also reported on ICE's practice of solitary confinement.[7]

6.    Advocates have likewise raised concern with ICE's use of solitary confinement: on February 29, 2024, almost 200 immigrant rights organizations sent a letter to DHS calling for the end of the practice of solitary confinement in immigration detention centers.[8]

7.    People held in ICE detention, their families, and the general public have an important public interest in understanding ICE's policies for the use of solitary confinement in its detention facilities.

8.    On December 20, 2024, the ACLU submitted a FOIA request to ICE, seeking the solitary confinement policy ICE referenced in its December 6, 2024 announcement. ICE has not responded. ICE's statutory deadline to provide a response to this FOIA request has passed.

## JURISDICTION & VENUE

9.    This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and authority to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. The Court has personal

---

[6] Emily Baumgaertner, *Federal Records Show Increasing Use of Solitary Confinement for Immigrants*, N.Y. Times, Feb. 6, 2024, https://www.nytimes.com/2024/02/06/health/solitary-confinement-immigrants-us.html [https://perma.cc/996G-AQZJ**]** (updated Feb. 7, 2024).

[7] Andrea Castillo, *ICE Kept a California Immigrant in Solitary Confinement for Two Years, Study Finds*, L.A. Times, Feb. 6, 2024, https://www.latimes.com/politics/story/2024-02-06/ice-immigrants-in-solitary-confinement [https://perma.cc/DVR7-LXBR]; Erik Ortiz, *ICE Use of Solitary Confinement in 'Violation of International Norms,' Democratic Lawmakers Say*, NBC News, Mar. 29, 2024, https://www.nbcnews.com/news/us-news/ice-use-solitary-confinement-violation-international-norms-democratic-rcna144745 [https://perma.cc/SCL2-GBCY].

[8] Letter from 194 Immigrant Rights Organizations to DHS Secretary Mayorkas, *End Solitary Confinement in ICE Detention,* Feb. 29, 2024, https://aijustice.org/2024/02/29/end-solitary-confinement-in-ice-detention/ [https://perma.cc/E8GM-AH54].

jurisdiction over the parties.

10.     Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

11.     Plaintiff ACLU is a nationwide non-profit, nonpartisan organization with over 1.7 million members. The ACLU is dedicated to protecting the fundamental liberties and basic civil rights guaranteed by the state and federal constitutions. The ACLU works to ensure that the United States government complies with the Constitution and the laws of this country in matters that affect civil liberties and human rights, including the rights of immigrants. The ACLU is also committed to principles of transparency and accountability in government and seeks to inform the American public about the conduct of its government in matters that affect civil liberties and human rights. Obtaining information about governmental activity, analyzing that information, and widely publishing and disseminating it to the press and the public is a critical and substantial component of the ACLU's work and one of its primary activities.

12.     Defendant ICE is an agency of the U.S. government within the meaning of 5 U.S.C. § 551, 5 U.S.C. § 552(f), and 5 U.S.C. § 702. ICE is headquartered in Washington, D.C.

## PROCEDURAL HISTORY

13.     On December 20, 2024, the ACLU submitted a FOIA request to ICE seeking: "a copy of ICE Enforcement and Removal Operations policy and/or policies related to the use of Special Management Units for detained non-citizens, as referenced in ICE's December 6, 2024 announcement, *ICE Updates Policies on Use of Special Management Units*." Ex. A, at 2.

14.     The ACLU sought expedited processing of this request, citing the compelling need for solitary confinement policies that involve serious health and safety issues, the urgent need to

inform the public about ICE's solitary confinement policies, and the ACLU's activities as an organization "primarily engaged in disseminating information" within the meaning of FOIA. *Id.* at 7-8.

15.     On December 31, 2024, ICE's FOIA office acknowledged receipt of the request and stated that the request had been given a tracking number, 2025-ICFO-11209. Ex. B, at 3. ICE granted the ACLU's request for a fee waiver. *Id.* at 2. ICE denied the ACLU's request for expedited processing, stating that the ACLU had "failed to demonstrate a particular urgency to inform the public about the government activity involved in the request beyond the public's right to know about government activity generally." *Id.* ICE invoked an extension of 10 working days under 5 U.S.C. § 552(a)(6)(B), claiming that the "unusual circumstances" required for this extension, 5 U.S.C. § 552(a)(6)(B), exist because the ACLU's "request seeks numerous documents that will necessitate a thorough and wide-ranging search . . . ." Ex. B, at 1.

## CLAIMS FOR RELIEF

### CLAIM I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

16.     The ACLU incorporates by reference the above paragraphs.

17.     The ACLU properly requested records within ICE's possession and control.

18.     ICE is an agency subject to and within the meaning of FOIA, and it must therefore make reasonable efforts to search for requested records.

19.     ICE has failed to timely and adequately review agency records for the purpose of locating those records that are responsive to the request.

20.     ICE's failure to conduct adequate searches for responsive records violates FOIA and applicable regulations.

21.     Because ICE failed to comply with the applicable time-limit provisions of FOIA,

the ACLU has constructively exhausted its administrative remedies as to ICE's failure to conduct adequate searches. 5 U.S.C. § 552(a)(6)(C)(i).

22.    The ACLU is therefore entitled to injunctive and declaratory relief requiring ICE to promptly make reasonable efforts to search for records responsive to the ACLU's FOIA requests.

### CLAIM II
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Promptly Release Non-Exempt Records

23.    The ACLU incorporates by reference the above paragraphs.

24.    The ACLU properly requested records within ICE's possession and control, at least some portions of which are not subject to any FOIA exemption.

25.    ICE is an agency subject to and within the meaning of FOIA, and it must therefore promptly release all non-exempt, responsive records.

26.    ICE has failed to promptly release all non-exempt records responsive to the ACLU's FOIA request.

27.    ICE's failure to promptly release these non-exempt records violates FOIA and applicable regulations.

28.    Because ICE failed to comply with the applicable time-limit provisions of FOIA, the ACLU has constructively exhausted its administrative remedies as to ICE's failure to promptly release non-exempt records. 5 U.S.C. § 552(a)(6)(C)(i).

29.    The ACLU is therefore entitled to injunctive and declaratory relief requiring ICE to promptly release all non-exempt records responsive to the ACLU's FOIA request.

### CLAIM III
### Violation of FOIA, 5 U.S.C. § 552
### Improper Denial of Expedited Processing

30.    The ACLU incorporates by reference the above paragraphs.

31. The ACLU properly requested expedited processing of its FOIA request

32. ICE is an agency subject to and within the meaning of FOIA, and it must therefore release all responsive, non-exempt records on an expedited timeframe when a basis exists to do so.

33. ICE denied the ACLU's request for expedited processing without adequate basis.

34. ICE's failure to release all responsive, non-exempt records on an expedited timeframe violates FOIA and applicable regulations.

35. The ACLU need not exhaust its administrative remedies as to ICE's denial of its request for expedited processing. 5 U.S.C. § 552(a)(6)(E)(iii).

36. The ACLU is therefore entitled to injunctive and declaratory relief requiring ICE to release all responsive, non-exempt records on an expedited timeframe.

## REQUEST FOR RELIEF

WHEREFORE, the ACLU respectfully requests the Court to:

(a) Declare unlawful ICE's failure to conduct an adequate search for all responsive records;

(b) Order ICE to conduct an adequate search for all responsive records;

(c) Declare that the requested records are not exempt from disclosure under FOIA;

(d) Enjoin ICE from withholding non-exempt, responsive records;

(e) Declare that the ACLU is entitled to immediate and expeditious processing and release of all responsive records;

(f) Order ICE to immediately and expeditiously process and release all responsive records;

(g) Retain jurisdiction of this action to ensure that no agency records are wrongfully

withheld;

(h)     Award the ACLU its reasonable attorney's fees and litigation costs incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(i)     Grant such other relief as the Court may deem just and proper.

Dated:  February 6, 2025                          Respectfully submitted,

                                                  */s/ Eunice H. Cho*
                                                  Eunice H. Cho (D.C. Bar #1708073)
                                                  American Civil Liberties Union
                                                  National Prison Project
                                                  915 Fifteenth St. NW, 7th Floor
                                                  Washington, DC 20005
                                                  (202) 548-6616
                                                  echo@aclu.org

                                                  Kyle Virgien*
                                                  American Civil Liberties Union
                                                  National Prison Project
                                                  425 California St., 7th Floor
                                                  San Francisco, CA 94104
                                                  (415) 343-0770
                                                  kvirgien@aclu.org

                                                  *Attorneys for Plaintiff*

                                                  *application for admission *pro hac vice*
                                                  forthcoming