UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>    Defendant. | Civil Action No. 25-0345 (TJK) |

## **ANSWER**

Defendant U.S. Immigration and Customs ("Defendant" or "ICE"), by and through undersigned counsel, respectfully submit this Answer to the Complaint (ECF No. 1) filed in this case by Plaintiff American Civil Liberties Union Foundation ("Plaintiff") under the Freedom of Information Act ("FOIA") 5 U.S.C. § 552.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant expressly deny all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendant responds to the Complaint in like numbered paragraphs as follows:

1. This paragraph contains Plaintiff's characterization of the nature of the action, to which no response is required. To the extent that a response is deemed required, Defendant admit only that Plaintiff brought this action under FOIA, seeking to compel the release of records responsive to a FOIA request submitted to ICE.

2–7. To the extent the allegations in these paragraphs seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

8. Defendant admits only that the Plaintiff submitted a FOIA request on December 20, 2024, and as of the filing of the complaint, ICE did not respond to Plaintiff's FOIA request. ICE avers, however, that it responded to Plaintiff's FOIA request on March 31, 2025. ICE further avers that the FOIA request and response are the best evidence of their contents and respectfully refer the Court to the FOIA request and response for a complete and accurate statement of their contents and deny any inconsistent allegations therein.

## JURISDICTION & VENUE[1]

9. This paragraph does not contain allegations of fact but rather conclusions of law regarding jurisdiction, to which no response is required. To the extent that a response is deemed

---

[1] For ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

required, Defendant admits that this Court has jurisdiction over claims involving a proper FOIA request, subject to the terms and limitations of FOIA.

10. This paragraph does not contain allegations of fact but rather conclusions of law regarding venue, to which no response is required. To the extent that a response is deemed required, Defendant admits that venue lies in this judicial district for a proper claim under FOIA.

## PARTIES

11. Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of statement contained in this paragraph.

12. Defendant admits only that it is federal agency within the meaning of FOIA., and that ICE's headquarters is located in Washington, D.C.

## PROCEDURAL HISTORY

13. Defendant admits only that Plaintiff submitted a FOIA request on December 20, 2024. The remainder of the allegations in this paragraph consist of Plaintiff's description of the FOIA request. Defendant avers that the FOIA request is the best evidence of its contents and respectfully refer the Court to the FOIA request for a complete and accurate statement of its contents and deny any inconsistent allegations therein.

14. Defendant admits only that Plaintiff sought expedited processing in its FOIA request. Defendant avers that the FOIA request is the best evidence of its contents and respectfully refer the Court to the FOIA request for a complete and accurate statement of its contents and deny any inconsistent allegations therein.

15. Defendant admits that ICE acknowledged Plaintiff's FOIA request, which was assigned tracking number 2025-ICFO-11209, and denied Plaintiff's request for expedited processing. Defendant avers that the correspondence is the best evidence of its contents and

respectfully refer the Court to the correspondence for a complete and accurate statement of its contents and deny any inconsistent allegations therein.

## CLAIMS FOR RELIEF

### CLAIM I
### Violation of FOIA 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

16. Defendant realleges and incorporates by reference all of the preceding paragraphs of this Answer as if fully stated herein.

17. The allegations contained in this paragraph consist of conclusions of law, to which no response is required. To the extent that a response is required, Defendant avers that the FOIA request is the best evidence of its contents and respectfully refer the Court to the FOIA request for a complete and accurate statement of its contents and deny any inconsistent allegations therein.

18. The allegations contained in this paragraph consist of conclusions of law, to which no response is required. To the extent that a response is required, Defendant admits only that ICE is a federal agency and subject to the provisions of the FOIA.

19. The allegations contained in this paragraph consist of conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations in this paragraph. Defendant further avers that it responded to Plaintiff's FOIA request on March 31, 2025.

20–22. The allegations contained in these paragraphs consist of conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations in these paragraphs.

## CLAIM II
### Violation of FOIA 5 U.S.C. § 552
### Failure to Promptly Release Non-Exempt Records

23.     Defendant realleges and incorporates by reference all of the preceding paragraphs of this Answer as if fully stated herein.

24.     The allegations contained in this paragraph consist of conclusions of law, to which no response is required.  To the extent that a response is required, Defendant avers that the FOIA request is the best evidence of its contents and respectfully refer the Court to the FOIA request for a complete and accurate statement of its contents and deny any inconsistent allegations therein.

25.     The allegations contained in this paragraph consist of conclusions of law, to which no response is required. To the extent that a response is required, Defendant admits only that ICE is a federal agency and subject to the provisions of the FOIA.

26–29.     The allegations contained in these paragraphs consist of conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies the allegations in these paragraphs.

## CLAIM II
### Violation of FOIA 5 U.S.C. § 552
### Improper Denial of Expedited Processing

30.     Defendant realleges and incorporates by reference all of the preceding paragraphs of this Answer as if fully stated herein.

31.     The allegations contained in this paragraph consist of conclusions of law, to which no response is required.  To the extent that a response is required, Defendant avers that the FOIA request is the best evidence of its contents and respectfully refer the Court to the FOIA request for a complete and accurate statement of its contents and deny any inconsistent allegations therein.

32. The allegations contained in this paragraph consist of conclusions of law, to which no response is required. To the extent that a response is required, Defendant admits only that ICE is a federal agency and subject to the provisions of the FOIA.

33–36. The allegations contained in these paragraphs consist of conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations in these paragraphs.

## REQUESTED RELIEF

The remainder of the Complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## DEFENSES

Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by the FOIA.

## THIRD DEFENSE

The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by the FOIA.

## FOURTH DEFENSE

Defendant has not improperly withheld records requested by Plaintiff under FOIA.

## FIFTH DEFENSE

Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

## SIXTH DEFENSE

Defendant conducted an adequate search for responsive records to Plaintiff's FOIA request.

## SEVENTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims")

## EIGHTH DEFENSE

FOIA does not provide for declaratory relief against a federal agency.

## NINTH DEFENSE

Plaintiff is neither eligible for nor entitled to attorneys' fees or cost.

Dated: April 16, 2025
       Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By:     */s/ Stephanie R. Johnson*
STEPHANIE R. JOHNSON,
  D.C. Bar # 1632338
Assistant United States Attorney
Civil Division
601 D Street, NW
Washington, DC 20530
(202) 252-7874
Stephanie.Johnson5@usdoj.gov

*Attorneys for the United States of America*